UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11714-RGS

JESSICA HARRELSON

v.

SEUNG HEUN LEE

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO RECONSIDER

January 31, 2012

STEARNS, D.J.

On October 15, 2009, Jessica Harrelson brought this action against defendant Seung Heun Lee, the founder of Dahnak,[1] and a number of other defendants who have since been dismissed from the case.[2] Harrelson alleged that she had been subjected to severe emotional and physical abuse while a student and then as an employee of Dahn Yoga. She further alleges that Lee raped her while she was living in Korea and working for a Dahn Yoga corporate affiliate, Brain Respiration English. On February 23, 2010, Lee moved to dismiss Harrelson's claims based on a lack of personal

---

[1] Dahnak, a popular Korean school of yoga, has a following in the United States, where it is known as Dahn Yoga.

[2] These defendants included companies whose operations in Massachusetts Lee allegedly controlled.

jurisdiction. On July 21, 2011, the court denied the motion to dismiss, finding that Harrelson had pled sufficient facts to support a finding of both general and specific jurisdiction. *See Harrelson v. Seung Heun Lee*, 798 F. Supp. 2d 310, 317 (D. Mass. 2011). In its Order, the court stated:

> Lee makes a number of highly inflammatory accusations against Harrelson in a motion for reconsideration brought in the District of Arizona to the effect that her account of her experiences in Korea, including her claims of isolation and penury, is a confabulation of easily disproved 'shams, misrepresentations and outright lies.' Defs.' Mot. for Recons. at 5, No. 2:09-CV-01115-SRB, Dkt. #128. If this is true, and if it impugns the court's finding of jurisdiction, Lee may ask the court to revisit the issue by way of a motion that properly places the accompanying exhibits before the court in a way that gives Harrelson an adequate opportunity to respond. *Cf. Larson v. United States*, 274 F.3d 643, 648 (1st Cir. 2001).

*Id.* at 318 n.8. On August, 9, 2011, Lee filed a motion to reconsider, pursuant to Fed. R. Civ. P. 54(b), providing the court with a number of exhibits that tended to disprove, or at the very least, shed serious doubt, on Harrelson's substantive claims as well as the facts she had asserted in support of the exercise of personal jurisdiction over Lee.

On August 23, 2011, Harrelson responded to Lee's motion to reconsider, and on August 29, 2011, Lee filed a reply. On October 13, 2011, attorney William Hoilman, co-counsel for Harrelson, withdrew, leaving Ryan Kent as Harrelson's sole attorney. On October 18, 2011, Kent also filed a motion to withdraw as Harrelson's attorney in this action, having previously done so in Harrelson's related Arizona action against

Lee. The court granted his motion to withdraw and on October 19, 2011, ordered that: "Plaintiff will have thirty (30) days to obtain successor counsel, or if she intends to represent herself, to file any supplemental briefings related to her opposition to defendants' motion to reconsider. Failure to comply with the court's Order will be treated as a declaration of intent to prosecute the action no further." On October 21, 2011, Harrelson, proceeding pro se, filed a letter with the court requesting a ninety (90) day extension to seek new counsel. The same day, in response, the court gave Harrelson "an additional thirty (30) days to seek new counsel or file any additional briefing with respect to her opposition to defendant's motion to reconsider. Thus, plaintiff has sixty (60) days from the date of the court's order on Atty. Kent's motion to withdraw as counsel [October 19, 2011] to proceed with the action."

On December 16, 2011, Harrelson again filed for an extension of time, requesting that the court permit her until January 23, 2012, to retain successor counsel or proceed pro se.[3] On December 19, 2011, this court granted Harrelson's motion for extension of time, noting that "[t]he court will not consider any further requests for an extension of time." As of the date of this Order, Harrelson has failed to comply with the court's order that she find successor counsel or file an opposition to Lee's

---

[3] January 23, 2012, was the deadline Judge Bolton in the District Court of Arizona had given Harrelson to obtain successor counsel or proceed pro se.

3

motion to reconsider on a pro se basis.

ORDER

For the foregoing reasons, defendant's motion to reconsider is <u>ALLOWED</u>. The case is hereby <u>DISMISSED</u> with prejudice for failure to prosecute. The Clerk will enter an Order of Dismissal and close the case.

                                  SO ORDERED.

                                  /s/ Richard G. Stearns

                                  _____
                                  UNITED STATES DISTRICT JUDGE